1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   RAYMOND INVESTMENT                    No.  2:17-cv-00688-MCE-KJN
     CORPORATION,
12
                    Plaintiff,
13                                          **MEMORANDUM AND ORDER**
             v.
14
     HELENA CHEMICAL COMPANY,  and
15   Does 1 through 100, inclusive,

16                    Defendants.

17

18          Through the present lawsuit, Plaintiff Raymond Investment Corporation ("Plaintiff")

19   seeks contribution and indemnity from Defendant Helena Chemical Corporation

20   ("Defendant" or "Helena") in connection with environmental clean-up costs which Plaintiff

21   alleges were necessitated by hazardous waste discharges generated by Helena, an

22   agricultural chemical supplier, while Helena leased real property owned by Plaintiff in

23   Stockton, California between 1996 and 2004.  According to Plaintiff's Complaint, Helena,

24   and possibly other former tenants, contaminated soils and groundwater due to releases

25   of fertilizer, pesticides, and other farm chemicals.

26          Plaintiff commenced this lawsuit in the San Joaquin County Superior Court with

27   the filing of its Complaint on February 9, 2017.  Defendant Helena, a Delaware

28   Corporation with its principal place of business located in Tennessee, subsequently

                                          1

removed the matter to this Court on March 30, 2017, on diversity of citizenship grounds pursuant to 28 U.S.C. § 1332(a). Helena contends that complete diversity is present because Plaintiff is headquartered and has its principal place of business in California. In addition, according to Helena, this Court also has original federal question jurisdiction under 28 U.S.C. § 1331 on grounds that Plaintiff's claim also arises under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq.

Through the Motion to Remand now before the Court, Plaintiff argues Helena has not properly alleged that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a). Plaintiff further contends that federal question jurisdiction is also absent because Defendant has failed to demonstrate that this lawsuit implicates the provisions of CERCLA.

As set forth below, Plaintiff's Motion to Remand is DENIED on grounds that diversity of citizenship jurisdiction is clearly present.[1] Because jurisdiction is properly premised on diversity grounds alone, the Court need not consider Plaintiff's remaining argument that jurisdiction is also unavailable because a cognizable federal question is lacking.

**BACKGROUND**

As indicated above, Plaintiff instituted this lawsuit in state court on February 9, 2017. According to Plaintiff's Complaint, Helena does business in California and formerly operated a facility on premises leased from Plaintiff in Stockton, California. Plaintiff's Complaint is otherwise silent as to Helena's citizenship. In addition, the Complaint—while indicating that Plaintiff was notified by the California Central Valley Regional Water Quality Control Board ("CVRWQCB") in 2014 that cleanup was indicated

---

[1] Having determined that oral argument was not of material assistance, the Court ordered this Motion submitted on the briefing in accordance with Local Rule 230(g).

2

based on the results of soil and groundwater testing—fails to provide any estimate as to the cost of remediating the contamination it contends was caused by Helena's business activities. The Complaint does state that Plaintiff had to hire expert consultants to conduct an investigation and to prepare a Site Investigation Work Plan as required by the CVRWQCB, and that Plaintiff was required to acknowledge its obligation to reimburse the CVRWQCB for cleanup expenses. Pl.'s Compl., ¶¶ 15-16, Ex. A to Def.'s Notice of Removal. Additionally, according to Plaintiff, it has paid invoices from the CVRWQCB, and has paid for the services of its own expert consultant, and will continue to do so until the CVRWQCB approves the site clean-up and issues a finding that no further action is required. Id. at ¶ 16. As to cost, the Complaint only provides that Plaintiff has paid and will be obligated to pay future sums in excess of the $25,000 minimum jurisdictional limit for filing an action in the Superior Court of San Joaquin County. Id. The prayer to Plaintiff's Complaint alleges that it seeks contribution and/or indemnity from Helena for its "costs and damages incurred through the date of judgment, or clean-up of the property to the satisfaction of the CVRWQCB . . . including but not limited to, clean-up costs, consultants' fees and attorneys' fees, and costs of litigation. . . ." Pl.'s Compl., Prayer For Relief at ¶ 1.

Helena filed its Notice of Removal under 28 U.S.C. § 1441(a), alleging two grounds for this Court's jurisdiction. First, according to Helena, although Plaintiff's Prayer for Relief "omits an actual amount of claimed damages, based on the nature of the prayer for relief, and the clean-up expenses [Plaintiff] has incurred to date, the amount in controversy exceeds $75,000." Def.'s Notice of Removal, 2:25-3:2. Consequently, because Helena's Notice of Removal further specifies that citizenship of Helena, being incorporated in Delaware with a principal place of business in Tennessee, is completely diverse from the citizenship of Plaintiff, which is based in California, Helena alleges that the requirements for diversity citizenship have been satisfied. Second, as indicated above, Helena goes on to claim that federal question jurisdiction under

///

3

28 U.S.C. § 1331 is also present because Plaintiff's action arises under CERCLA, a federal statutory scheme.

In now moving to remand, Plaintiff does not contest that the citizenship of the parties is diverse, although it appears to suggest that because Plaintiff did not specifically allege Helena's citizenship, Helena has not shown that removal is proper based on the face of Plaintiff's Complaint. Plaintiff also argues that Helena's contention that the amount in controversy exceeds $75,000 is speculative, and that consequently Helena has not established that jurisdictional minimum by a preponderance of the evidence.

**STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to the federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566

4

1   (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of

2   removal in the first instance," the motion for remand must be granted.  Id.  Therefore, "[i]f

3   at any time before final judgment it appears that the district court lacks subject matter

4   jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

5        If the district court determines that removal was improper, then the court may also

6   award the plaintiff costs and attorney fees accrued in response to the defendant's

7   removal.  28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees

8   whenever it finds that removal was wrong as a matter of law.  Balcorta v. Twentieth-

9   Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

10

11   **ANALYSIS**

12

13        Plaintiff alleges that its Complaint does not allege the citizenship of Helena, and

14   that any claim by Helena that the amount in controversy exceeds $75,000 amounts to no

15   more than speculation.  On that basis Plaintiff claims that Helena has not met its burden

16   in showing that diversity jurisdiction is indicated.

17        Helena has, however, alleged in its Notice of Removal that the parties are diverse

18   as indicated above.  Helena has also requested that the Court judicially notice

19   documents from the California and Tennessee Secretaries of State showing that

20   1) Plaintiff is a domestic stock corporation organized under California law; and 2) Helena

21   is a Delaware corporation with a principal place of business in Collierville, Tennessee.

22   See Def.'s Request for Judicial Notice ("RJN"), Exs. 1-5.[2]  This suffices to show diversity

23   of citizenship irrespective of Plaintiff's claim that citizenship cannot be divined based on

24   its Complaint alone.  For purposes of removal, a complaint's allegations are not

25   determinative of federal jurisdiction.  Missing allegations can be supplemented by

26   information in the notice of removal, or by other admissible evidence.  See 28 U.S.C.

27    

28   [2] These portions of Helena's RJN, made pursuant to Federal Rule of Evidence 201, are unopposed and are hereby granted.

5

§ 1446(c)(2); <u>Dart Cherokee Basin Operating Company, LLC v. Owens</u>, 135 S. Ct. 547, 554 (2014).

This same principle applies to satisfaction of the $75,000 amount in controversy requirement. First, as Helena points out, Plaintiff expressly refused to stipulate that the amount in controversy was less than $75,000. <u>See</u> Decl. of George J. Gigounas, ¶ 2, Ex. A. Second, Helena claims that the very nature of Plaintiff's claim, involving as it does contribution and/or indemnity for environmental remediation, indicates an amount in controversy exceeding $75,000. That claim is also borne out by the evidence before the Court. For example, Edward Brister, Director of Regulatory and Compliance Engineering for Helena, states in his Declaration as follows:

> "From my experience over the past 37 years, the cost for addressing soil and groundwater contamination even on small sites would exceed $75,000. This is because cleanups often entail significant costs associated with investigation, sampling, contractor fees, and implementation of the remedy itself."

Brister Decl., ¶ 4.

Moreover, according to records submitted by Helena, the CVRWQCB has already invoiced Plaintiff $21,574.44 for oversight costs associated with the site investigation, with additional costs to be incurred once remediation occurs, over a period likely to span at least two more years. Helena points out that based on the trend of costs incurred to date along with the provisions of the Cost Reimbursement Agreement with Plaintiff, the CVRWQCB's additional oversight will exceed, at a minimum, another $20,000. <u>See</u> RJN, Ex. 6.[3] This suggests that oversight fees for investigation and remediation will exceed $40,000, a figure on top of clean-up fees themselves.

Additionally, aside from clean-up costs, Plaintiff also seeks to recover attorneys' fees incurred in bringing this lawsuit, and those alleged fees are also properly considered in determining the amount in controversy. <u>Galt G/S v. JSS Scandinavia</u>,

///

---

[3] Plaintiff's objections to this portion of Plaintiff's RJN are hereby overruled.

142 F.3d 1150, 1155-56 (9th Cir. 1998).  Those fees are also likely considerable in a case of this nature.

Despite Plaintiff's protestations to the contrary, in removing a case based on diversity jurisdiction where the complaint is silent on the amount in controversy, Helena need only plausibly allege that amount exceeds the jurisdictional threshold.  Dart Cherokee Basin Operating Company, LLC v. Owens, 135 S. Ct. at 554.   Where, as here, Plaintiff contests the validity of that allegation, both sides may submit proof, with the Court thereafter determining, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied.  Id. at 553-54.  Here, Helena has met its burden in that regard, and the Court finds that the circumstances of this matter point, by a preponderance of the evidence, to a conclusion that the amount in controversy exceeds $75,000.

Consequently, with both diversity of citizenship and the amount in controversy satisfied, Plaintiff's Motion to Remand fails.  Diversity jurisdiction having been established, the Court need not determine whether jurisdiction is also predicated on a federal question under CERCLA and declines to do so at this juncture.

**CONCLUSION**

For all the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 8) is DENIED.

IT IS SO ORDERED.

Dated:  January 16, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE