GEORGE J. GIGOUNAS (Bar No. 209334)
george.gigounas@dlapiper.com
CAROLINE E. LEE (Bar No. 293297)
caroline.lee@dlapiper.co,
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel: 415.836.2500
Fax: 415.836.2501

Attorneys for Defendant
HELENA AGRI-ENTERPRISES, LLC
formerly known as HELENA CHEMICAL COMPANY

SCOTT MALM (Bar No. 841198)
scottm@malmfagundes.com
**MALM FAGUNDES LLP**
2351 West March Lane, Suite A
Stockton, CA 95207
Tel.: 209.870.7900
Fax: 209.870.7922

Attorney for Plaintiff
RAYMOND INVEST CORPORATION

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND INVESTMENT CORPORATION

Plaintiff,

v.

HELENA CHEMICAL COMPANY, and DOES 1 through 100, inclusive,

Defendants.

CASE NO. 2:17-CV-00688-DJC-CSK

**JOINT STIPULATION TO CONTINUE PRETRIAL CONFERENCE AND TRIAL DATE; ORDER**

Courtroom: 10
Judge: Hon. Daniel J. Calabretta

**STIPULATION AND PROPOSED ORDER TO CONTINUE DATES**

Under Local Rules of the United States District Court, Eastern District, Rule 144 and the Standing Order in Civil Cases of Hon. Daniel J. Calabretta, Section IV, Plaintiff Raymond Investment Corporation ("Plaintiff") and Defendant Helena Agri-Enterprises, LLC ("Defendant") (collectively "the Parties") stipulate and agree to the following:

**I. RELEVANT BACKGROUND**

A. Plaintiff owns the 6.47-acre parcel located at 2245 West Charter Way, Stockton, San Joaquin County, California (the "Property") and Defendant leased a 2.25-acre portion of the Property between 1996 and 2002 (the "Premises"). Plaintiff filed this case on February 9, 2017 in the Superior Court of California, San Joaquin County alleging claims for contribution, equitable and contractual indemnity, and declaratory relief arising from environmental cleanup at the Premises. The case was removed to federal court on March 30, 2017.

B. The Parties filed cross motions for summary judgment in November and December 2018. *See* ECF Nos. 19 and 27. The Court denied both Parties' motions without prejudice on April 23, 2019, finding that material issues of fact exist concerning the Parties' comparative liability, causation of the groundwater contamination, and ambiguity in the Lease terms. *See* ECF No. 34.

C. The Parties have been actively pursuing settlement discussions since the order on summary judgment. The Parties agree that a material element of their ability to settle this matter is progress and clarity regarding the regulatory investigation and potential cleanup action that Plaintiff and the Central Valley Regional Water Quality Control Board ("Regional Board") have been pursuing for several years.

D. For this reason, the Parties stipulated to, and the Court approved, a prior continuance of the trial-setting conference in this matter until January 28, 2021. *See* ECF No. 38. Following that, the Court twice continued the trial setting

conference *sua sponte*, scheduling it for July 1, 2021, and then January 27, 2022. *See* ECF Nos. 39 and 42.

E. On November 10, 2021, the Court ordered the Parties to attend mediation, and on March 3, 2022, the Parties participated in the Court-ordered mediation before Magistrate Judge Allison Claire, but the case did not settle. *See* ECF No. 43. The Court subsequently granted two additional trial-setting conference extensions to allow additional time for settlement discussions and for the regulatory process to proceed. *See* ECF Nos. 52 and 54.

F. On February 2, 2023, the case was then transferred from Hon. Morrison C. England, Jr., to Hon. Troy L. Nunley. ECF No. 56. On April 4, 2023, the case was again transferred, to this Court. ECF No. 60. This Court issued a minute order on May 10, 2023, setting the Pretrial Conference date for February 22, 2024 and a Jury trial for April 15, 2024. *See* ECF No. 61.

G. On January 26, 2024, the Parties filed a stipulation to continue the Pretrial Conference and Trial Date to August 15 and October 7, 2024, respectively. ECF No. 62. The Court granted the Parties' stipulation on January 29, 2024. ECF No. 63.

H. The Property remains under active regulatory oversight by the Regional Board. The Regional Board is directing the performance of environmental investigations to characterize the extent of potential impacts at and near the Property and requires ongoing groundwater monitoring under Monitoring and Reporting Order No. R5-2017-0817. Ultimately, the Regional Board will also oversee the design and implementation of a remedy.

I. While Plaintiff continues to make progress towards characterization of contamination at or near the Property, various issues have delayed full characterization of potential contamination to the Regional Board's satisfaction.

J. On November 15, 2023, the Regional Board requested an additional work plan to further investigate and delineate relevant contamination and Plaintiff

timely submitted that work plan on January 12, 2024. The Regional Board is currently reviewing the work plan. On April 15, 2024, the Regional Board set a deadline of July 1, 2024 for Plaintiff to submit an Interim Remedial Action Plan and a deadline of August 1, 2024, for Plaintiff to submit a Site Assessment Report. Since then, Plaintiff has been working to secure access to offsite properties it will need to investigate in order to complete the Site Assessment Report, and requested that the Regional Board set the deadline for submission of that Report as 60 days following completion of the necessary access agreements.

K. For the Parties to successfully resolve this matter, or for the trial on this matter to be efficient and effective, additional clarity from the Regional Board is required concerning delineation of site contamination, acceptable remedial actions, and timelines.

L. The Plaintiff is actively communicating with the Regional Board regarding the above issues.

**II. The Parties Agree to Continue the Pretrial Conference and Trial Date Until Fall 2024 to Facilitate Settlement**

M. Parties are continuing settlement discussions and believe that additional time is needed to allow the Regional Board's regulatory process to move forward and provide factual clarity and resolution. Plaintiff anticipates that the Regional Board will provide such additional information and confirmation so that remedial design development can begin by early 2025.

N. Accordingly, the Parties seek a continuance of the Pretrial Conference and Trial Date to allow continued focus of resources on completing the analysis of the additional data, development of settlement negotiations, and potential resolution of claims, which would minimize the use of the Court's resources until, at least, more environmental data is available.

**IT IS HEREBY STIPULATED** by Plaintiff and Defendant and their respective counsels that, subject to the Court's approval and entry of an Order, good

cause exists to continue the Pretrial Conference and Trial Date to allow the regulatory process to proceed so that the Parties can continue settlement discussions, as follows:

1. The Parties respectfully request that the Court continue the Pretrial Conference from August 15, 2024 for approximately 180 days, to a date and time within the Court's convenience.
2. The Parties respectfully request that the Court continue the Trial Date from October 7, 2024 for approximately 180 days, to a date and time within the Court's convenience.

Dated: August 6, 2024

**DLA PIPER LLP (US)**

By: */s/ George Gigounas*
George J. Gigounas
Caroline E. Lee

Attorneys for Defendant
HELENA AGRI-ENTERPRISES, LLC

Dated: August 6, 2024

**MALM FAGUNDES LLP**

By: */s/ Scott Malm*
Scott Malm

Attorneys for Plaintiff
RAYMOND INVESTMENT CORPORATION

**ORDER**

The Court, having reviewed the foregoing Stipulation and for good cause appearing **ORDERS** as follows:

1. The Pretrial Conference is continued to February 27, 2025, at 1:30 PM.
2. The Trial Date is continued to April 21, 2025, at 8:30 AM.

**IT IS SO ORDERED.**

Dated: August 7, 2024

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE